## Jackson v. Feldhaus.

October 3, 1950.

Joseph P. Goodenough, Judge.

Morris Weintraub for appellant.

Wm. P. Sidebottom, W. Baxter Harrison and Omer H. Stubbs for appellee.

JUDGE HELM—Affirming.

The question here is: Did the lower court err in not submitting this contested will case to the jury?

Appellant, Francis Marion Jackson, is a brother to and next of kin of Nell Edith Craig, 51, of Erlanger, who was fatally injured in an automobile accident at LaFayette, Indiana, and died on October 8, 1948. John Walter Craig, her husband, had died April 25, 1948. They had no children. Her will, dated August 26, 1948, provided:

"Item II. I give and bequeath to Priscilla Setters my electric sewing machine.

"Item III. I give and devise to my adopted daughter, Sarah Marie Craig (formerly Sarah Marie Feldhaus), during her natural life, my real property situate at 704 Dixie Highway, Erlanger, Kenton County, Kentucky. After the death of Sarah Marie Craig, I give and devise said real property to Nellie Elaine Setters, her heirs and assigns forever.

"Item IV. I give and devise to my adopted daughter, Sarah Marie Craig, during her natural life, my real property, which is an oil station, situate at the junction of U. S. 25 and U. S. 25 Bypass in Florence, Boone County, Kentucky. After the death of Sarah Marie Craig I give and devise said real property to John Walter Setters, his heirs and assigns forever.

"Item V. All the rest and residue of my estate, real and personal, of every kind and description wheresoever situate, which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath to my adopted daughter, Sarah Marie Craig.

"Item VI. I make, nominate and appoint Sarah Marie Craig to be the Executrix of this my last will and testament, and request that no bond be required of her as such."

Her will was admitted to probate in the Kenton County Court on October 13, 1948. A "petition on appeal" seeking to have the purported will adjudged not to be her last will, on account of mental incapacity and undue influence, was filed on February 25, 1949.

At a trial on June 14, 1949, appellees introduced testimony showing the due execution and probation of Mrs. Craig's will. It is shown that Mrs. Craig went alone to the law offices of Mr. Sidebottom in Ludlow and requested him to prepare a will for her; that he prepared the will in accordance with her directions. He says that she was of sound mind and memory. Asked if any undue influence was exerted at the time of the execution of the will, he said: "None whatsoever. She had described to me what she wanted to do with the estate and had given me the description of the property, and asked that I draw up the will. She was alone at the time she came to see me. She was a very astute business woman." He explains that appellee, Sarah Marie Feldhaus, also known as Sarah Marie Craig, was not the adopted daughter of Mrs. Craig; that adoption proceedings had been started by Mrs. Craig and her husband but were interrupted by his death. Nellie Elaine Setters, 2, is a namesake of Mrs. Craig, and John Walter Setters, about 3, is a namesake of her husband.

Appellant, 45, testified that he has worked for the

Globe Wernicke Company for some six years; he is the nearest relative of Mrs. Craig; his father had 179 acres of land in Boone County; after his father died some ten years ago, to help her he deeded her his interest in this land, without compensation. Their father had resided with Mrs. Craig during the latter years of his life; appellee lived with Mrs. Craig and took care of the house and of their father. His sister had a gas station in Florence. At her request, he worked at the gas station on week-ends. He says, " I thought a lot of my sister * * * I think she thought about as much of me as I did her." His right leg "was scalded with hot coffee" when he was four and he has been "crippled" since that time. Miss Feldhaus has never been kind to him. Asked as to the condition of his sister's health, he said she had "awful headaches continuously."

Mrs. Sargent, a cousin of Mrs. Craig, says that Sarah Feldhaus had lived with Mrs Craig more than eight years; she went there as a cook and to help take care of Mrs. Craig's father; the day Mrs. Craig's husband died she, in the presence of appellant and appellee, suggested to her that she get a good lawyer, consult him and find out what she should do; that "before Nell could answer me Sarah said 'everything is fixed.'" Mrs. Craig said, "We have a joint deed and there is no will, but I think I will take your advice." Mrs. Sargent stated that "after Miss Feldhaus came there it never was the same with Nell and me. * * * She just didn't seem to want any of us around." Mrs. Craig never made any reference to any adoption. She was a "good business woman." During the course of her testimony, Mr. Weintraub, attorney for appellant, stated to the court: "We are not basing our case on mental incapacity, only on undue influence."

Raymond Craig, related by marriage to Mrs. Craig, ran the filling station at Florence for Mr. Craig. He says that Mrs. Craig was a good business woman. She had severe headaches. Miss Feldhaus was "jealous" of Mrs. Craig. Mrs. Craig thought a great deal of Sarah and Sarah thought a great deal of Mrs. Craig.

Theodore Vastine, a cousin of Mrs. Craig, says that Miss Feldhaus seemed to resent relatives coming

to Mrs. Craig's home. Mrs. Craig had severe headaches.

Mrs. Vastine, a teacher at Erlanger, knew Mrs. Craig. She had difficulty in talking with her after Miss Feldhaus came there. Miss Feldhaus seemed "to be overly jealous and when we visited there she became upset and moody." She had seen Miss Feldhaus "have several tantrums. * * * On one occasion we were going to the funeral of Mrs. Sargent's husband and we were ready to leave when Miss Feldhaus had one of these tantrums—hollering and crying—and Mrs. Craig wouldn't leave her."

Mr. Bramlage, attorney of Erlanger, represented Craig in proceedings to adopt Miss Feldhaus, now 30 years of age.

At the close of appellant's evidence, appellees moved for a peremptory instruction. The motion was sustained. Under direction of the court the jury returned a verdict finding the instrument dated August 26, 1948, and probated in the County Court, to be the last will and testament of Nell Edith Craig. Judgment was entered accordingly.

The proof discloses that Mrs. Craig was a capable business woman. Clearly and admittedly she was not mentally incapacitated. Mr. and Mrs. Craig "signed an adoption request" and instituted proceedings to adopt appellee, Sarah Feldhaus. About a month later Mr. Craig died. His death interrupted the adoption proceedings. Shortly afterwards, apparently in keeping with the plan to adopt Miss Feldhaus, Mrs. Craig executed the above will. Mrs. Craig went alone to the office of her attorney and directed him, it seems, according to a fixed purpose of her own, to prepare her will. A few weeks later she was fatally injured.

Undue influence sufficient to invalidate a will must be such as to destroy the testator's free agency and induce him to do against his will that which he otherwise would not have done, and must operate on or influence the testamentary acts. From a careful examination of the record, we are unable to say that there was any evidence of probative value to show the exercise of undue influence.

There being no proof that testator's free agency

was destroyed, or that she was constrained to devise her property otherwise than in accordance with a fixed purpose of her own, we believe the trial court properly directed a verdict for appellees.

The judgment is affirmed.